# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Samantha Henderson, Britney Wessels,
and Brandi Bennett,

                Plaintiffs,          **MEMORANDUM OPINION
AND ORDER**
    v.                                        Civil No. 12-2550 ADM/FLN

VCG Holdings Corp., Classic Affairs, Inc.,
and International Entertainment Consultants, Inc.,

                Defendants.

_____

William L. Tilton, Esq., and George R. Dunn, Esq., Tilton & Dunn PLLP, Saint Paul, MN, on behalf of Plaintiffs.

Gina K. Janeiro, Esq., David J. Duddleston, Esq., and Nora R. Kaitfors, Esq., Jackson Lewis LLP, Minneapolis, MN, on behalf of Defendants.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendants VCG Holdings Corp. ("VCG"), Classic Affairs, Inc. d/b/a Schieks Palace Royale ("Schieks"), and International Entertainment Consultants, Inc.'s ("IEC") (collectively referred to as "Defendants") Objections to Magistrate Judge Franklin Noel's Order of March 7, 2013 ("March 7 Order") [Docket No. 64] and of March 28, 2013 ("March 28 Order") [Docket No. 71]. The Defendants object the March 7 Order, which denies Defendants' motion to strike paragraphs from Plaintiffs' Second Amended Complaint and grants in part Plaintiffs' motion to compel discovery. Defs.' Mem. Supp. Objections to March 7 Order ("Defs.' Mem. re March 7") [Docket No. 69]. The Defendants also object to the March 28 Order, which grants in part Plaintiffs' motion to compel electronically stored information. Defs.' Mem. Supp. Objections to

March 28 Order ("Defs.' Mem. re March 28") [Docket No. 75]. Defendants' Objections are overruled and Judge Noel's Orders are affirmed.

## II. BACKGROUND

Plaintiffs Samantha Henderson, Britney Wessels, and Brandi Bennett were employed as waitresses at Defendants' nightclub, Schieks. Sec. Am. Compl. ¶¶ 8-10 [Docket No. 65]. Defendant VCG, by and through its subsidiaries, owns approximately twenty adult nightclubs around the country. Id. ¶ 2. Defendant Classic Affairs was a wholly-owned subsidiary of VCG from approximately April 2007 through July 2011 and during that time was a Minnesota corporation d/b/a Schieks. Id. ¶ 4. Defendant IEC is an operator, manager, investor, and developer of night clubs, including Schieks. Id. ¶ 5. Julian Royal acted as Manager of Schieks and Area Director for Defendants from about June 2007 until March 2009. Id. ¶ 23.

Plaintiffs allege sexual discrimination and harassment under both the Minnesota Human Rights Act and Title VII. The Second Amended Complaint alleges: "During their employment by defendants, plaintiffs' supervisor, Julian Royal, subjected them to sexual harassment, including but not limited to comments of a sexual nature, sexual advances, sexual overtures, and sexual references and innuendo, sexual touching, and sexual assault." Id. ¶ 177. Plaintiffs also allege assault and battery, intentional infliction of emotional distress, false imprisonment of Plaintiffs Samantha Henderson and Britney Wessels, and age discrimination against Plaintiff Brandi Bennett. Id. ¶¶ 203-231.

## III.  DISCUSSION

The standard of review for an objection to a magistrate judge's order on a nondispositive issue is extremely deferential.  See Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999).  The magistrate judge's order on a discovery issue will be affirmed by the district court unless the decision is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).  A decision is "clearly erroneous" when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  Chakales v. Commissioner, 79 F.3d 726, 728 (8th Cir. 1996) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)).  A decision is contrary to law when it misapplies or fails to apply the relevant case law, statutes, or rules of procedure.  Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008).

**A.  Denial of Defendants' Motion to Strike**

Defendants object to the March 7 Order's denial of their motion to strike.  March 7 Order ¶ 2.  First, Defendants argue it was error to deny Defendants' motion to strike allegations with respect to a theory of retaliation.  Plaintiffs' retaliation allegations are proper and relevant to their case as a part of their Minnesota Human Rights Act ("MHRA") discrimination count.  The parties agreed to eliminate the separate common law Retaliation Count because it is inherently included within the MHRA; therefore, the allegations themselves remain relevant.  Second, allegations regarding Royal's severance package have relevance to Plaintiffs' disparate treatment claims.  Third, allegations relating to Defendants' "misuse of the corporate form" could be relevant to Plaintiffs' efforts to pierce the corporate veil.  Finally, allegations related to Defendants' dealings with the City of Minneapolis and the liquor licensing process could be

relevant to what Defendants knew of Royal's conduct. Therefore, Judge Noel properly found that the paragraphs Defendants moved to strike in the Second Amended Complaint were not impertinent, immaterial, redundant, or scandalous. Judge Noel's denial of this motion was not clearly erroneous or contrary to law.

**B. Grant in Part of Plaintiffs' Motion to Compel**

Defendants object to the March 7 Order's grant of Plaintiffs' motion to compel the disclosure of names, addresses, and telephone numbers of "[a]ll persons named in Classic-Henderson documents 1350 and 1542." Id. ¶ 3(a)(x). Defendants also object to Judge Noel's grant of Plaintiffs' motion to compel production of an unredacted copy of Classic-Henderson documents 1350-1542 and of sworn statements of certain individuals. Id. ¶¶ 3(c), (i). Defendants assert that the names contained in the Classic-Henderson documents are non-party employees, having no relationship to the case at hand. Defendants also argue that the scope of the request "for '*all*' sworn statements from, among others, '*all*' potential witnesses" is "facially absurd." Defs.' Mem. re March 7, at 13. At its core, Plaintiffs seek information related to Royal's employment with VCG and its subsidiaries. The names recorded in the Classic-Henderson documents appear to be employees of VCG subsidiaries and worked under Julian Royal's supervision. Their statements could contain relevant information to this matter and are properly within the scope of discovery. Therefore, Judge Noel's grant of Plaintiffs' motion to compel full disclosure of information in the Classic-Henderson documents 1350-1542 was not clearly erroneous or contrary to law.

**C. Grant of Plaintiffs' Motion to Compel Response to Interrogatory No. 8**

Defendants object to Judge Noel's grant of Plaintiffs' request to compel a response to Interrogatory No. 8. Interrogatory No. 8 asks for a description of Defendants' history with alleged and suspected discriminatory workplace conduct over the past ten years, including the identities of alleged victims and harassers. Defs.' Mem. re March 7, at 11. Defendants argue that Interrogatory No. 8 is "overly broad in time and scope, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, vague, and compound." Id. Defendants further argue that discovery into company-wide discrimination allegations, as requested by Interrogatory No. 8, is not discoverable. Id. at 11-12.

It is true that "[c]ompany-wide statistics are usually not helpful in establishing pretext in an employment-discrimination case, because those who make employment decisions vary across divisions." Carman v. McDonnell Douglas Corp., 114 F.3d 790, 792 (8th Cir. 1997).[1] "[A] plaintiff alleging disparate treatment is not entitled to company-wide discovery absent a showing of a particular need and relevance of the requested information." Burns v. Hy-Vee, Inc., No. Civ. 02–254, 2002 WL 31718432, at *2 (D. Minn. Nov. 21, 2002). In this case, Plaintiffs have shown particular need and relevance of the requested information. Plaintiffs argue that Julian Royal's employment has been company-wide, since he worked at four different VCG-owned clubs for more than ten years. Plaintiffs further argue that his misbehavior was company-wide, as was the "blindness of superiors to his behavior." Pl.'s Resp. [Docket No. 73]. Judge Noel

---

[1] Carman does not stand for Defendants' proposition that a court must reverse an order granting company-wide discovery. In Carman, the 8th Circuit affirmed a district court order limiting the scope of discovery. Id. It is unclear whether the Carman Court would have reversed an order granting company-wide discovery.

also found "Interrogatory No. 8 is reasonably calculated to lead to the discovery of admissible evidence relevant to Defendants' lack of knowledge defense." March 7 Order ¶ 3(h). Therefore, his grant of Plaintiffs' motion to compel a response to Interrogatory No. 8 is not clearly erroneous or contrary to law.

**D. Grant in Part of Plaintiffs' Motion to Compel Electronically Stored Information**

In his March 7 Order, Judge Noel deferred ruling on Plaintiffs' motion to compel electronically stored information ("ESI"). March 7 Order ¶ 3(b). Judge Noel ordered the parties to meet and confer on the scope of the ESI request. If the parties were unable to come to an agreement, then they were instructed to submit proposed search parameters to the Court. Id. The parties failed to reach an agreement on the ESI search parameters. See Meet and Confer Statement [Docket No. 68]. In his March 28 Order, Judge Noel granted in part and denied in part Plaintiffs' request for production of ESI. March 28 Order ¶¶ 1-4.

Defendants object to the March 28 Order's grant in part of Plaintiffs' motion to compel ESI.[2] The March 28 Order reflects a reasoned and an appropriate middle ground between the Plaintiffs' request, which Judge Noel characterized as "over broad" and Defendants' proposed compromise, which Judge Noel construed as "too narrow." March 7 Order ¶ 3(b). The March 28 Order specifies the individual e-mail accounts to be searched and limits the search terms to be used. March 28 Order ¶¶ 1-4. The March 28 Order also confines the search to specific time

---

[2] Defendants cite William A. Gross Constr. Assocs., Inc. v. Am. Mfrs. Mut. Ins. Co., 256 F.R.D. 134, 135 (S.D.N.Y. 2009), to support their position that a requesting party's proposed ESI search terms must be narrow to avoid "false positives." However, Gross is only an example of how context specific ESI discovery can be. Gross is one magistrate judge's reasoned approach to limiting ESI discovery given the facts and conduct of the parties in that case.

periods. Id.  For the foregoing reasons, Judge Noel's March 28 Order granting in part Plaintiffs' motion to compel ESI is not clearly erroneous or contrary to law.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

    1.    Defendants' Objections [Docket Nos. 69 and 75] are **OVERRULED**; and,

    2.    Judge Noel's March 7 Order [Docket No. 64] and March 28 Order [Docket No. 71] are **AFFIRMED**.

    BY THE COURT:


    <u>     s/Ann D. Montgomery     </u>
    ANN D. MONTGOMERY
    U.S. DISTRICT JUDGE

Dated:  May 3, 2013.